

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

Hon. Bowlen Bond
Criminal District
Attorney
Fairfield, Texas

Opinion No. O-3936
Re: Licensing of a passenger motor vehi-
cle as such with a "farm license" regard-
less of the use to be made of the passen-
ger vehicle under the provisions of
Article 6675a-6a and the licensing of
drivers and operators of such vehicle un-
der the drivers' license law, being Arti-
cle 6687b.

Dear Sir:

     We have your letter of November 10, 1941, requesting
the opinion of this department on the above matters. Your letter
reads as follows:

     "Many farmers in this County and adjoining
counties are registering their commercial motor
vehicles, and in some instances passenger motor
vehicles, under Article 6675a-6a, Vernon's Anno-
tated Statutes, which comes from Senate Bill No.
43, Chapter 110, page 144, General and Special
Laws of the 47th Legislature.

     "It is the common practice for persons owning
passenger motor vehicles and registered as such,
to occasionally use trailers attached to such ve-
hicles for the transportation of various commodi-
ties belonging to them, and especially for farmers
with such passenger motor vehicles and registered
as such, to attach trailers to such vehicles and
transport hogs and cattle to the Dallas and Fort
Worth market. In the instant cases, the hogs and
cattle are raised on the farm by the person trans-
porting the same.

     "Will you kindly give me an opinion on the
following questions relative to the licensing and
operation of motor vehicles, and the licensing of
the drivers and operators of such vehicles under
the Drivers' License Law?

     "(1) Does Art. 6675a-6a, Vernon's Annotated
Civil Statutes, authorize the licensing of a passen-
ger motor vehicle as such with a 'Farm License', re-
gardless of the use to be made of the passenger
vehicle?

"(2)  Is the operator of a passenger motor vehicle registered and use primarily as such, when such passenger motor vehicle is being used to pull a trailer in which property is being transported, required to have a license as a 'Commercial Operator'?

"Under my construction of the statutes and the definition of 'Passenger Car', and 'Commercial Motor Vehicle', under Senate Bill No. 43, as carried in Art. 6675a-1, Vernon's Civil Statutes, and the various definitions and provisions of Article 6687b, Vernon's Annotated Statutes, as enacted by House Bill No. 20, Acts 47th Legislature, both of the above questions should be answered in the negative.

"However, the opinion of the Attorney General has more weight with the local authorities who are demanding an opinion on these questions."

Upon the facts contained in your letter you propound to us two questions which questions we will discuss in the order presented.

Question No. 1:  Does Article 6675a-6a, Vernon's Annotated Civil Statutes, authorize the licensing of a passenger motor vehicle as such with a "Farm License", regardless of the use to be made of the passenger vehicle?

Article 6675a-6a of Vernon's Annotated Civil Statutes, reads in part as follows:

"When a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of his own poultry, dairy, livestock, livestock products, timber in its natural state, and farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use, or use on such farm or ranch, the registration license fee, for the weight classifications herein mentioned, shall be fifty (50%) per cent of the registration fee prescribed for weight classifications in Section 6 of the Act hereby amended, as amended in this Act; . . . provided, however, that all commercial motor vehicles, truck tractors, road tractors, trailers and semi-

trailers as defined in Section 1 of Chapter 23 of the General Laws of the Fifth Called Session of the 41st Legislature, not coming within the provisions of this Act shall be required to pay all registration and license fees prescribed by the other provisions of Chapter 88, General Laws of the 41st Legislature, Second Called Session as amended by this Act."

Article 6675a-1 (i) of Vernon's Annotated Civil Statutes of 1925 reads as follows:

"'Commercial Motor Vehicles' means any motor vehicle (other than a motorcycle or passenger car) designed or used primarily for the transportation of property, including any passenger car which has been reconstructed so as to be used, and which is being used, primarily for delivery purposes, with the exception of passenger cars used in the delivery of the United States mails."

Article 6675a-1 (j) of Vernon's Annotated Civil Statutes of 1925, reads as follows:

"'Passenger Car' means any motor vehicle other than a motor cycle or a bus, as defined in this Act, designed or used primarily for the transportation of persons."

It can readily be seen that the distinction between "passenger cars" and "commercial motor vehicles" under the definitions above quoted rests upon the primary use to which such vehicle is put. Commercial vehicles being those "designed or used primarily for transportation of property" and passenger cars being those "designed or used primarily for transportation of persons". Applying these definitions to the fact situation presented in paragraph 2 of your letter wherein you say, "it is the common practice for persons owning passenger motor vehicles and registered as such, to occasionally use trailers attached to such vehicles for the transportation of various commodities belonging to them, and especially for farmers with such passenger motor vehicles and registered as such, to attach trailers to such vehicles and transport hogs and cattle to the Dallas and Fort Worth market," it is clear that the primary use of the vehicles in question would bring them under the definition above quoted of "passenger cars."

We do not believe that under the facts presented in your letter the vehicles in question would be entitled to be licensed with a farm license for two reasons.

(a) It will be noted that Article 6675a-6a, above quoted, provides for the registration of only "commercial motor vehicles" coming within the provisions of such statute and does not provide for such registration of passenger cars. Therefore the vehicles in question coming within the above definition of passenger cars would not be entitled to registration under Article 6675a-6a.

(b) It will be noted that Article 6675a-6a provides "when a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of his own poultry, dairy, livestock, livestock products, timber in its natural state, and farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use, or use on such farm or ranch. . . ." We are of the opinion that the word "only" as used in Article 6675a-62 above means that the vehicles sought to be registered under the provisions of such Article shall be used only for the purposes therein expressly provided and for no other to entitle it to registration under the reduced rate provided in such statute.

It is the opinion of this department and you are therefore advised that Article 6675a-6a does not authorize the licensing of a passenger motor vehicle as such with a "farm license," regardless of the use to be made of the passenger vehicle.

The second question presented in your letter is as follows:

Question No. 2: Is the operator of a passenger motor vehicle registered and used primarily as such, when such passenger motor vehicle is being used to pull a trailer in which property is being transported, required to have a license as a "Commercial Operator"?

We have heretofore held in Opinion No. O-3560, copy of which is enclosed herewith, that the definition of "commercial operator" in House Bill No. 20 being Article 6687b-1-(n) contains no specific exemption of a farmer who is hauling his own produce to market. And that therefore such farmer would be included within the legislative definition of a "commercial operator" set out in said House Bill No. 20, Article I, Section 1, paragraph (n).

In passing on the question presented by you we are confronted with a somewhat different fact situation than that presented in Opinion No. O-3560 in that under the present factual

Hon. Bowlen Bond, page 5  (O-3936)


situation the farmer in question does not haul the property in the vehicle itself, but attaches a trailer thereto in which certain farm products are hauled to market.

The definition of "commercial operator" contained in House Bill 20, Article I, Section 1, paragraph (n), being Article 6687b-1-(n) of Vernon's Civil Statutes of 1925, is as follows:

"(n) 'Commercial Operator.' Every person who is the driver of a motor vehicle designed or used for the transportation of property, including all vehicles used for delivery purposes, while said vehicles are being used for commercial or delivery purposes." (Underscoring ours)

You will note that this definition provides, "while said vehicles are being used for commercial or delivery purposes." We believe that the test to be applied under the above quoted portion of the definition is the use to which the vehicle is being put and in the case in question the vehicle is being used for commercial purposes in pulling the trailer for the purpose of hauling property. We are of the opinion, therefore, and you are so advised that your second question should be answered in the affirmative.

Trusting that this fully answers the questions presented by you, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Douglas E. Bergman
Douglas E. Bergman, Assistant

APPROVED DEC 19, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

DEB:db:wb